IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DORCAS HOLMES, | : | |
| | : | 1:12-cv-767 |
| Plaintiff, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. Martin C. Carlson |
| FED EX, *et al.*, | : | |
| | : | |
| Defendants. | : | |

# MEMORANDUM

## December 17, 2012

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Martin C. Carlson (Doc. 21), filed on November 27, 2012, which recommends that Defendants' Motion to Dismiss (Doc. 11) be granted. Plaintiff Dorcas Holmes ("Plaintiff" or "Holmes") filed objections to the R&R on December 13, 2012. (Doc. 22). Accordingly, this matter is ripe for our review. For the reasons that follow, the Magistrate Judge's R&R shall be adopted in its entirety and the Motion to Dismiss shall be granted.

I.     **STANDARD OF REVIEW**

When objections are filed to the report of a magistrate judge, the district court makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objections are made. 28 U.S.C. § 636(b)(1); *United States v. Raddatz*, 447 U.S. 667, 674-75 (1980). The court may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. *Id.* Although the standard of review is *de novo*, 28 U.S.C. § 636(b)(1) permits whatever reliance the district court, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations. *Raddatz*, 447 U.S. at 674-75; *see also Mathews v. Weber*, 423 U.S. 261, 275 (1976); *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984).

## II. BACKGROUND

On April 24, 2012, Plaintiff filed a civil complaint with this Court, which she subsequently amended on August 21, 2012. (Doc. 6). In the amended pleading, Plaintiff recited that she is an African American female who is employed at the Defense Logistics Agency ("DLA") in New Cumberland, Pennsylvania, and has been embroiled in civil rights litigation against her employer for the past twelve years. (Doc. 6, ¶1). With respect to the litigation against her employer, Plaintiff asserts that "[t]hroughout her employment, Plaintiff has complained about mismanagement and malfeasance by DLA officials, and of racially discriminatory

and retaliatory practices against her that have kept her stagnant in her career despite her qualifications and efforts to advance her career with the DLA." (Doc. 6, ¶7).

The factual backdrop that gives rise to the instant lawsuit against Defendants Fed Ex and its driver/deliveryman Jeffrey Benedict ("Benedict") is alleged by the Plaintiff to be as follows. On or about January 22, 2010, while Benedict was making his delivery rounds at the DLA, he made a comment to Plaintiff that suggested to Plaintiff that "coworkers of hers were engaging in defamatory dialogue in his presence." (Doc. 6, ¶8). Viewing this remark through the prism of her own contentious relationship with DLA officials, Holmes perceived Benedict to be a witness to some misconduct by her co-workers and "contacted FedEx the same day to put them on notice that an employee had become a witness to a possible legal wrong." (Doc. 6, ¶9). Holmes also alleges that she notified officials at DLA about the incident with Benedict, who in turn contacted Benedict and obtained a statement from him. (Doc. 6, ¶¶10-12). Holmes alleges, however, that when she attempted to secure a statment from Benedict, he declined to provide her with a statement and "accused Ms. Holmes of getting him mixed up with [this dispute]." (Doc. 6, ¶13). As per Holmes' complaint, she then overheard Benedict saying something about a "statement" to other DLA staff, before he left the DLA

facility "avert[ing] his eyes from Ms. Holmes and [keeping] his head down as he went out the door." (Doc. 6, ¶13). Plaintiff claims that Benedict's statement to DLA officials was "substantively different than the statement that Ms. Holmes has reported him making to her orally," (Doc. 6, ¶19), and that his statement to DLA officials adversely affected her in a disciplinary proceeding at her work in April 2010. On the basis of these aforementioned allegations, Holmes speculates that Benedict and Fed Ex conspired with DLA officials to violate her civil rights, and seeks injunctive and declaratory relief, as well as compensatory and punitive damages, from these private parties. (Doc. 6, ¶20).

### III. DISCUSSION

Within the instant R&R, Magistrate Judge Carlson recommends that the Defendants' Motion to Dismiss be granted. Specifically, the Magistrate Judge determined that Holmes' complaint fails to state a claim upon which relief may be granted as against Fed Ex or Benedict because Plaintiff cannot assert a 42 U.S.C. § 1983 civil rights claim against private actors like Fed Ex and Benedict. We agree. It is well established that §1983 claims cannot be maintained against private actors. *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526, 40, 49-50 (1999).

Further, the Magistrate Judge reasons that Plaintiff's 42 U.S.C. § 1985 conspiracy claim[1] fails as well because Plaintiff has not identified any pending state or federal court proceeding which was the subject of unlawful interference and because Plaintiff has not pled any facts that would permit an inference that Benedict and Fed Ex were motivated by the "requisite 'racial, . . . or otherwise class-based, invidiously discriminatory animus.'" which is another essential element of a § 1985 claim. *Davis v. Twp. of Hillside*, 190 F. 3d 17, 171 (3d Cir. 1999). We agree with the learned Magistrate Judge. Plaintiff's contentions in her complaint pertain to a finding adverse to her within the confines of a DLA disciplinary proceeding, not a lawsuit. Thus, Plaintiff plainly cannot maintain a §1985 claim against the Defendants.

Finally, as the Magistrate Judge highlights in his R&R, Holmes' allegations against Benedict and Fed Ex pertain to conduct that occurred in January and February of 2010. It is well settled that any federal civil rights claims are subject to a two-year statute of limitations in Pennsylvania. *Wilson v. Garcia*, 471 U.S. 261, 266-67 (1985). Thus, even if Plaintiff was able to set forth a viable civil

---

[1] Section 1985 proscribes conspiracies to "deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified." 42 U.S.C. § 1985(2). A separate subsection of the statute prohibits conspiracies that are intended to interfere with the administration of justice in state courts.

rights claim against the Defendants, that claim would be barred by the statute of limitations.

## IV. CONCLUSION

Accordingly, based on the aforementioned reasons, we shall adopt the Magistrate Judge's recommendation to grant the Defendants' Motion to Dismiss. Moreover, we agree with the Magistrate Judge that Plaintiff should not be given further leave to amend, inasmuch as Plaintiff has previously been given an opportunity to amend her complaint to state a viable civil rights claim and has not been able to do so. Furthermore, the Plaintiff's objections to the Magistrate Judge's R&R do not present us with any reason to depart from the Magistrate Judge's cogent analysis and recommendation of dismissal. An appropriate Order shall issue.