IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DORCAS HOLMES, | : | 1:12-cv-767 |
| | : | |
| Plaintiff, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. Martin C. Carlson |
| FED EX, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM

## July 17, 2013

## THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:

This matter is before the Court on the Report and Recommendation ("R&R") of Chief Magistrate Judge Martin C. Carlson (Doc. 36), filed June 14, 2013, recommending that we grant the Motion to Dismiss for Failure to State a Claim filed by Defendants Polly Charbonneau and JoAnn Schopman. (Doc. 33). Objections to the R&R were due by July 1, 2013 and to date none have been filed. Accordingly, this matter is ripe for our review. For the reasons set forth below, the R&R shall be adopted in its entirety.

### I. STANDARD OF REVIEW

When, as here, no objections are made to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report

before accepting it. *Thomas v. Arn*, 474 U.S. 140, 149 (1985). According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987). "[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see also Henderson*, 812 F.2d at 878-79 (stating "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); *Tice v. Wilson*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006); *Cruz v. Chater,* 990 F. Supp. 375-78 (M.D. Pa. 1998); *Oldrati v. Apfel,* 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998). The Court's examination of this case confirms the Magistrate Judge's determinations.

## II. FACTUAL BACKGROUND

*Pro se* Plaintiff Dorcas Holmes ("Plaintiff") filed this matter on April, 24, 2012 (Doc. 1), and amended her complaint on August 21, 2012. (Doc. 6). Within her pleading Plaintiff claims that her federal agency employer, Defense Logistics Agency, New Cumberland ("DLA"), racially discriminated against her and used retaliatory practices to prevent her advancement within the agency. (Doc. 6 ¶¶ 1, 7). However, Plaintiff does not use this lawsuit to assert workplace discrimination claims against her employer. Rather, Plaintiff brought this action against

Defendants FedEx and Jeffery Benedict, a FedEx deliveryman, after Benedict allegedly witnessed discriminatory behavior by Plaintiff's co-workers, Defendants Charbonneau and Schopman. (*Id.*, ¶ 8). Plaintiff additionally attempted to assert federal civil rights claims against Charbonneau and Schopman, claiming a violation based on the comments overheard by Benedict. (*Id.*, ¶ 8). However, Benedict refused to provide Plaintiff with a statement to that effect and instead provided a statement to DLA which did not confirm Plaintiff's claim of misconduct. (*Id.*, ¶¶ 11-13). Plaintiff alleges that, as a result of Benedict's refusal to provide a statement confirming Plaintiff's allegations, the DLA filed disciplinary proceedings against Plaintiff, resulting in a 3 day suspension from work. (*Id.*, ¶ 20). Prior Order of this Court dismissed Benedict and FedEx from this lawsuit. (Doc. 24). On May 10, 2013, Defendants Charbonneau and Schopman filed a Motion to Dismiss, claiming Plaintiff failed to state a claim upon which relief can be granted. (Doc.33). For the reasons that follow, we shall adopt the Magistrate Judge's recommendation that Defendants' motion be granted and Plaintiff's case dismissed.

### III. DISCUSSION

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a complaint should be dismissed if a plaintiff fails to "state a claim upon which

relief can be granted". Fed. R. Civ. P. 12(b)(6). To survive a 12(b)(6) motion to dismiss, a plaintiff must show, based on factual allegations accepted to be true, that she is plausibly entitled to relief. See *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Factual allegations must be sufficient to raise the right to relief above a speculative level; conclusions, labels and a bare recitation of the elements is insufficient. *Twombly*, at 555.[1]

Plaintiff's claims fail here because the case law and federal civil rights statutes upon which her claims are premised (Doc. 6 ¶ 5 & Doc. 33 at 8-9, 12-13), have no application to an employee workplace dispute. Plaintiff attempts to convert her co-workers' alleged discriminatory into a constitutional tort claim under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). However, as Magistrate Judge Carlson explains, courts have consistently refused to ignore Congress' Title VII framework in favor of employing a *Bivens* cause of action in a workplace dispute. See *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 825, 829-35 (1976); *Elgin v. Dep't. of Treasury*, 132 S.Ct. 2126 (2012); *Owens v. United States*, 822 F.2d 408, 410 (3d Cir. 1987). Rather, courts have consistently held

---

[1] The Magistrate Judge provides a thorough discussion of the Standard of Review applied to Rule 12(b)(6) motions at pages 4 to 8 of his report. Thus we have only highlighted the Rule's threshold requirements herein.

that Title VII provides the exclusive remedy for personnel action challenges in the federal workplace and racial discrimination claims brought by an employee against an employer. *Id.* Plaintiff does not invoke Title VII here.

Further, the federal civil rights statutes cited by Plaintiff in her complaint, 42 U.S.C. §1981-1985, (Doc. 1 ¶ 5), are wholly inapplicable to workplace disputes. Section 1982 of Title 42 protects a person's right to "inherit, purchase, lease, sell, hold, and convey real and personal property." 42 U.S.C. §1982. Section 1981 only applies to "nongovernmental discrimination and impairment under color of state law" and Section 1983 only applies to defendants acting under state law. 42 U.S.C. § 1981(c); *District of Columbia v. Carter*, 409 U.S. 418, 425 (1973); *Hindes v. F.D.I.C.*, 137 F.3d 148, 158 (3d Cir. 1998). Section 1985 was solely intended to enforce the thirteenth amendment through equal protection of the laws. See *Lawrence v. Acree*, 665 F.2d 1319, 1329 (D.C. Cir. 1981); *Santistevan v. Loveridge*, 732 F.2d 116, 118 (10th Cir. 1984). Therefore, none of the legal authority cited by Plaintiff in support of her complaint allows us to ignore Congress' statutory framework for workplace disputes, nor does any statute cited by Plaintiff provide the necessary legal framework to hold her co-workers liable for their alleged racially discriminatory comments.

As we have already mentioned, neither party has filed objections to this

R&R. Because we agree with the sound reasoning that led the Magistrate Judge to the conclusions in the R&R, we will adopt the R&R in its entirety. With a mind towards conserving judicial resources, we will not rehash the reasoning of the Magistrate Judge; rather, we will attach a copy of the R&R to this document, as it accurately reflects our consideration and resolution of the case *sub judice*. An appropriate Order shall issue.